UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LAZARO AVALOS, and
OTHERS SIMILARLY SITUATED,

    Plaintiffs,

VS.

TIMBO'S CONSTRUCTION, INC.
and JIMMY SANDIFER,

    Defendants.

NO. 4:15cv118-DMB-JMV

JURY DEMANDED

**COLLECTIVE ACTION COMPLAINT FOR UNPAID OVERTIME WAGES UNDER SECTION 216(b) OF THE FAIR LABOR STANDARDS ACT**

COMES NOW Plaintiff Lazaro Avalos ("Plaintiff") and through his attorneys, brings this collective action against Defendants Timbo's Construction, Inc. ("Timbo's") and Jimmy Sandifer ("Sandifer"), on behalf of himself and all others similarly situated to recover for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") to recover unpaid overtime compensation.

**Parties, Jurisdiction and Venue**

1. Defendant Timbo's is a corporation formed and organized under the laws of Mississippi and currently conducting business as a construction company at 3853 Highway 61 North, Cleveland, Mississippi 38732. Defendant Timbo's registered agent for the service of process is Thomas E. Hodges, Sr. who can be served at 1785 N. Bayou Road, Merigold, Mississippi 38759.

1

2. Upon information and belief, Defendant Sandifer maintains a residence at 94 Oakridge Drive, Boyle, Mississippi 38730, Bolivar County, Mississippi and can be served at 3853 Highway 61 North, Cleveland, Mississippi 38732.

3. At all relevant times herein, Defendants Timbo's and Sandifer were "employers" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

4. Defendants Timbo's and Sandifer are and, at all times hereinafter mentioned, were engaged in related activities performed through unified operation or common control for a common business purpose, and were and, at all times hereinafter mentioned, were an enterprise within the meaning of 29 U.S.C. § 203(r).

5. Defendant Timbo's is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000. Specifically, Defendant Timbo's is a construction company that claims to be a leader in fertilizer storage construction and specializes in commercial and grain handling systems within Bolivar County, Mississippi and in the surrounding areas and has done business in an amount not less than $500,000.

6. The Plaintiff and all others similarly situated to him were individually covered by the FLSA as they utilized the instrumentalities of commerce.

7. Defendant Sandifer is the President/Project Manager of Defendant Timbo's and at all times herein, Defendant Sandifer has been the employer of Plaintiff under the meaning of 29

U.S.C. § 203(d) since he has acted directly in the interest of Defendant Timbo's in relation to establishing the terms of and compensation for Plaintiff's employment, including but not limited to making the decision not to compensate Plaintiff and others similarly situated at the required overtime rate.

8. Each of the Defendants was the "employer" of the Plaintiff and those similarly situated to him or otherwise acted directly or indirectly in the interest of the employees as defined by Section 203(d) of the FLSA.

9. Plaintiff Lazaro Avalos ("Avalos") is a resident of Shelby County, Tennessee and was an employee of Defendants who was paid an hourly rate for his work. Defendants misclassified Plaintiff and others similarly situated as "independent contractors" when in fact Plaintiff and other similarly situated should have been classified as employees.

10. In approximately June or July of 2011, Defendant Sandifer told Plaintiff that he was unable to keep certain Hispanic workers ("Hispanic employees") on Defendant Timbo's payroll, and advised Plaintiff that he would now be issuing checks directly to Plaintiff for the work being performed by Plaintiff and the Hispanic employees, and that Plaintiff should then pay the Hispanic employees himself.

11. Plaintiff was forced to agree to this arrangement because he thought he would be terminated if he did not.

12. This fraud perpetrated by Defendants Timbo's and Sandifer resulted in Plaintiff and the Hispanic employees being wrongfully and unlawfully classified by Defendants as "independent contractors" instead of employees. Defendants wrongfully and illegally failed to deduct taxes, social security withholdings and other legally required deductions from the amounts paid to Plaintiff and the Hispanic employees. Additionally, Defendants wrongfully and

3

illegally issued 1099 tax forms to Plaintiff which reflected that he personally earned all the money that Defendants paid for the work performed by Plaintiff and all of the Hispanic employees. This resulted in 1099's being issued to Plaintiff which fraudulently showed he earned over Four Hundred Thousand Dollars ($400,000.00).

13. Despite the fact Plaintiff and the Hispanic workers were classified by Defendants as "independent contractors," Defendants at all times supervised and directed the work to be performed by Plaintiff and the Hispanic employees. Furthermore, Defendants at all times provided the tools, machinery, equipment and materials to Plaintiff and the Hispanic employees to perform their jobs.

14. Defendants did make deductions from the checks issued to Plaintiff for the workers' compensation insurance premiums Defendants paid to insure Plaintiff and the Hispanic employees.

15. Defendants paid Plaintiff and the Hispanic employees an hourly wage based on the number of hours they worked during each pay period. However, despite the fact that Plaintiff and the Hispanic employees often worked sixty or more hours per week, Defendants never paid Plaintiff or the Hispanic employees their overtime wages in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*

16. A Consent Form executed by Plaintiff is attached hereto as Exhibit 1.

17. Any additional persons who may become Plaintiffs in this action are employees (or former employees) of the Defendants who, like Plaintiff, were not compensated at one and one-half times their regular rate of pay for hours worked in excess of 40 during one or more workweeks within the last three (3) years.

18. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. This Court also has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

## Cause of Action

19. Plaintiff brings this lawsuit as a collective action pursuant to the FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated current and former employees of Defendants who held the same job title as Plaintiff, performed the same job duties as Plaintiff and/or who were subjected to the same pay practices as Plaintiff during any workweek within the appropriate limitations period.

20. Plaintiff and all others similarly situated worked for the Defendants in hourly positions and were entitled to overtime wages under Section 207 of the FLSA for all time worked in excess of 40 hours per week.

21. Plaintiff and the collective action class members are entitled to the FLSA's protections.

22. The FLSA entitles employees to overtime compensation of "not less than one and one-half times" their regular rate of pay for all hours worked over 40 in a workweek. See 29 U.S.C. § 207(a)(1).

23. Defendants subjected Plaintiff and all others similarly situated to numerous pay practices that violated the FLSA, including, but not limited to the following:

> Plaintiffs were employed in hourly positions and generally worked between fifty and sixty (50-60) hours per work week (and sometimes more) and were not compensated at a rate of one and one-half times the regular rate of pay for those hours worked over forty (40).

5

24. The exact amount of unpaid overtime compensation owed to Plaintiff and the other similarly situated employees is not presently known to Plaintiff, but will be determined through discovery.

25. These unfair pay practices resulted in Plaintiff and all those similarly situated to him regularly working more than 40 hours in a week without receiving overtime wages at the rate of one and one-half times their regular rate of pay.

26. Plaintiff is aware of other similarly situated employees and/or former employees of Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join the lawsuit by filing a consent under Section 216(b) of the FLSA.

27. The Defendants' violations of the FLSA were willful.

28. The Defendants' actions were intentional and amounted to intentional violations of the FLSA. The Defendants' violations of the FLSA were not in good faith.

## DAMAGES AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all similarly situated persons who were employed by Defendants during any portion of the three years immediately preceding the filing of this action. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid the proper overtime compensation for their hours worked in any week during the statutory period;

2. Designation of this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216(b);

3. Judgment against Defendants for an amount equal to unpaid back wages at the applicable wage and overtime rates for the last three (3) years;

4. A determination that Defendants' violations of the FLSA were willful;

5. Judgment in an equal amount to the wage and overtime damages as liquidated damages;

6. The recovery of all recoverable costs, expenses, prejudgment interest and attorney's fees incurred in prosecuting these claims;

7. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

8. Leave to amend to add other defendants who meet the definition of Plaintiffs' "employer," 29 U.S.C. § 203(d);

9. An order requiring Defendant to preserve all electronically stored information relevant to this lawsuit;

10. All other general legal and equitable relief to which the Plaintiffs and those similarly situated to them may be entitled;

11. Plaintiffs demand a jury trial as to all claims so triable and,

12. For all such further relief as the Court deems just and equitable.

Respectfully Submitted,

/s/JAMES M. SIMPSON
JAMES M. SIMPSON (MS Bar No. 103823)
KIRK A. CARAWAY (*Pro Hac Vice* Motion to be filed)
JOHN R. HENSLEY, II (*Pro Hac Vice* Motion to be filed)
ALLEN, SUMMERS, SIMPSON, LILLIE
& GRESHAM, PLLC
80 Monroe Avenue, Suite 650
Memphis, Tennessee 38103
(901) 763-4200
jsimpson@allensummers.com

ATTORNEYS FOR PLAINTIFF