FULL AND FINAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS FULL AND FINAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE ("Agreement") is made this the ___9___ day of ~~October~~ *November* 2016 *L.A.*, by and between Lazaro Avalos ("Avalos") and Timbo's Construction, Inc. ("Timbo's"), and Jimmy Sandifer, individually, as follows:

This Agreement is made as a compromise between Plaintiff and Defendants for the complete and final, settlement of the claims, differences and causes of action raised by Plaintiff in the Action.

On or about September 4, 2015, the Plaintiff filed a Complaint against Defendants alleging violations of 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), thereby initiating the Action.

On or about October 8, 2015, Defendants filed their Answer to the Complaint denying the material allegations of the Complaint and asserting certain Additional and Affirmative Defenses.

Thereafter, the Parties engaged in discovery, including the complete production of employment records and data sets relevant to the issues raised in the Complaint. Through subsequent arms-length negotiations, the Parties have reached an agreement to settle all claims in the Action under the terms set forth in this Agreement.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and conditions set forth below, the receipt and sufficiency of which are hereby acknowledged, mutually agree as follows:

    A.    Defendants shall pay the total gross amount of $121,359.00 (the "Settlement Fund"), as adequate compensation for the Plaintiff's alleged overtime wages, liquidated damages and attorneys' fees, costs, expenses, interest, and any other monetary claims that were, or could

1



EXHIBIT 3

have been, made by the Plaintiff in the Action. Plaintiff acknowledges that this Agreement provides for adequate compensation for all work performed up until the date of this Agreement.

B. The Settlement Fund shall be payable as follows: (1) $75,000 from the Settlement Fund shall be payable to the Plaintiff, which represents all alleged overtime wages due and owing to the Plaintiff, plus liquidated damages; and (2) the remaining money from the Settlement Fund, $46,359, representing all attorneys' fees and costs, shall be payable to Plaintiff's counsel, Allen Summers, Simpson, Lillie & Gresham, PLLC.

C. The Settlement Payments to the Plaintiff shall be payable as follows:

1) (i) the payments designated as "overtime pay"(Defendants deny Plaintiff was an employee but rather was an independent contractor) shall be deemed taxable, wage income, shall be subject to ordinary payroll withholdings and shall be reported on IRS Form W-2; (ii) the payments designated as "liquidated damages" shall be deemed taxable, non-wage income, and shall not be subject to ordinary payroll withholdings, and shall be reported on IRS Form 1099, box 3, and (iii) the payments made for attorney's fees and costs shall not be subject to any withholdings.

2) The payments described in Paragraph C1 will be made as three (3) equal payments on October 5, 2016, October 20, 2016 and November 4, 2016 which combined are for the total amount agreed upon to resolve these claims.

Plaintiff will be responsible for any tax liability arising from the allocation of the Settlement Payments as attorneys' fees, costs, expenses, taxable wage income and taxable non-wage income.

D. Plaintiff, on behalf of himself and his heirs, estates, executors, administrators, assigns, transferees, and representatives does hereby release and forever discharge Timbo's

2

Construction and Jimmy Sandifer, its officers, directors, agents, servants, employees, insurers, heirs, successors and assigns, and any and all other persons, firms, partnerships, associations or corporations who are or may in any manner whatsoever be liable for their acts or omissions, or for the acts or omissions of any of them, jointly and severally, of and from any and all claims, demands, actions, causes of action, and suits of every kind and nature whatsoever, which the Plaintiff may have, or claim to have, for damages, costs, losses and expenses of every kind or nature whatsoever, whether known or unknown, whether or not asserted in the anticipated or unanticipated cause of action, whether in contract, warranty, negligence, tort, indemnity, contribution, and whether as assignee or subrogee or otherwise, and whether accrued or hereafter to accrue, caused by, resulting from, growing out of or in any manner connected with the cause of action.

E. The Parties agree to submit to the Court a Joint Motion for Approval of Settlement, seeking an Order from the Court, *inter alia*: (1) approving the terms of the Parties' settlement as reflected in this Agreement; and, (2) dismissing the Action with prejudice.

F. Defendants will provide the Settlement Fund checks referenced above to Plaintiff's counsel as set forth above to be held in trust until the Court has approved the settlement. Plaintiff's counsel shall be responsible for distributing the checks to the Plaintiff.

G. If the Court fails to approve this settlement, the Agreement and its terms shall be null and void.

H. Plaintiff will be required to execute this Agreement and his signature must be signed before a duly appointed and commissioned Notary Public.

I.  Defendants have denied and continue to deny and wrongdoing or violation of law alleged in this Action. This Agreement shall not be interpreted or construed as any admission by Defendants as to liability in this matter or otherwise that they have violated any law.

J.  The Parties agree not to disparage each other recognizing that such disparagement may cause damage to the other Party for which the Party making the disparaging comment may be liable

K.  This Agreement is intended by the Parties to be binding on them and to serve as the formal documentation of the terms of their settlement.

L.  Each party hereto agrees that the person executing this Agreement for each party has all the required authority, including but not limited to the statutory authority, and has been duly authorized to execute this Agreement and that upon request, each party will provide to the other the appropriate resolution so indicating.

This the 9 day of November, 2016.

4

_(signature)_
Timbo's Construction, Inc.

STATE OF MS
COUNTY OF Bolivar

Personally appeared before me the undersigned authority in and for the jurisdiction aforesaid, Jimmy Sandi, who acknowledged that he is the President of Timbo's Construction, Inc., that for and on behalf of said corporation and as its act and deed he executed the above and foregoing instrument after first having been duly authorized by said corporation so to do.

WITNESS my hand and Notarial Seal at office this _____ day of October, 2016.

_(notary seal: JAMIE L. McCOOL, ID #79625, Commission Expires Dec. 18, 2017)_

_____ Jamie L. McCool
Notary Public

MY COMMISSION EXPIRES:

December 18, 2017

_(signature)_
Jimmy Sandifer

STATE OF MS
COUNTY OF Bolivar

Before me, a Notary Public in and for said State and County, duly commissioned and qualified, personally appeared Jimmy Sandifer, known (or proven to me upon sufficient identification) to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

WITNESS my hand and Notarial Seal at office this _____ day of October, 2016.

_(notary seal: JAMIE L. McCOOL, ID #79625, Commission Expires Dec. 18, 2017)_

_____ Jamie L. McCool
Notary Public

MY COMMISSION EXPIRES: December 18, 2017

·5·

_Lazaro Avalos_
Lazaro Avalos

STATE OF TN
COUNTY OF Shelby

Before me, a Notary Public in and for said State and County, duly commissioned and qualified, personally appeared Lazaro Avalos, known (or proven to me upon sufficient identification) to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

WITNESS my hand and Notarial Seal at office this 9th day of ~~October~~ November, 2016.

_Ginger Shepherd_
Notary Public

MY COMMISSION EXPIRES:



6