**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**LAZARO AVALOS, and others similarly**            **PLAINTIFFS**
**situated**

**V.**                                       **NO. 4:15-CV-00118-DMB-JMV**

**TIMBO'S CONSTRUCTION, INC.; and**
**JIMMY SANDIFER**                              **DEFENDANTS**

## ORDER GRANTING MOTION FOR JOINT SETTLEMENT

This Fair Labor Standards Act action is before the Court on the parties' joint motion for approval of the settlement of the plaintiff's Fair Labor Standards Act claims. Doc. #28. Because the Court concludes the proposed settlement represents a fair and reasonable resolution of a bona fide dispute, the motion will be granted.

**I**
## Procedural History

On September 4, 2015, Lazaro Avalos, "on behalf of himself and all others similarly situated," filed a complaint in this Court seeking to recover unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. Doc. #1. On September 30, 2016, following a period of discovery during which no additional individuals joined the lawsuit, the parties filed a joint motion seeking a stay of the action pending approval of a settlement agreement reached by the parties. Doc. #25. United States Magistrate Judge Jane M. Virden granted the motion to stay on October 4, 2016.

On November 30, 2016, the parties filed a joint motion to approve a settlement agreement. Doc. #26. Although the motion for approval referenced the settlement agreement as

an attached exhibit, the parties did not submit the proposed agreement to the Court until March 3, 2017.

On March 9, 2017, this Court entered an order denying the motion for joint settlement without prejudice because the parties failed to provide evidence that the proposed settlement reflects a fair and reasonable settlement of the underlying FLSA claim. Doc. #27 at 3. Two weeks later, on March 23, 2017, the parties filed a second motion seeking approval of the proposed settlement. Doc. #28. The memorandum accompanying the motion asks that "[u]pon approval of this proposed settlement, … this case be dismissed with prejudice." Doc. #29 at 7.

## II
## Analysis

"The general rule establishes that FLSA claims ... cannot be waived. Accordingly, many courts have held that, in the absence of supervision by the Department of Labor or scrutiny from a court, a settlement of an FLSA claim is prohibited." *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164–65 (5th Cir. 2015) (internal citations omitted) (collecting cases). Such courts, relying on reasoning set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), require that "the compromise reached [be] a fair and reasonable resolution of a bona fide dispute over FLSA provisions rather than a mere waiver of statutory rights brought about by an employer's overreaching." *See, e.g., Kraus v. PA Fit II, LLC*, 155 F.Supp.3d 516, 522–23 (E.D. Pa. 2016) (collecting cases) (internal quotation marks omitted). However, in *Martin v. Spring Break '83 Products, LLC*, 688 F.3d 247 (5th Cir. 2012), the Fifth Circuit "excepted ... from this general rule ... unsupervised settlements that are reached due to a bona fide FLSA dispute over hours worked or compensation owed." *Bodle*, 788 F.3d at 165.

"The primary difference between the *Lynn's Food* and *Martin* standards is the timing of the judicial scrutiny." *Kraus*, 155 F.Supp.3d at 528. While *Martin* allows a court to enforce a

2

settlement after it has been executed, *Lynn's Food* holds "that ex ante judicial scrutiny of a private FLSA settlement is required." *Id*. at 528–29. Accordingly, where, as here, parties in the Fifth Circuit seek *approval* of a settlement, the *Lynn's Food* standard governs. *See Heffernan Bryant v. United Furniture Indus., Inc.*, No. 1:13-cv-246, 2017 WL 639320, at *2 (N.D. Miss. Feb. 16, 2017) (applying *Lynn's Food* to joint motion for settlement); *Alainz v. Maxum Petro. Operating Co., Inc.*, No. 15-cv-373, 2016 WL 6462206, at *1 (W.D. Tex. Oct. 31, 2016) (same). In such a situation, the "court must determine that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Heffernan Bryant*, 2017 WL 639320, at *2.

### A. Bona Fide Dispute

Under the bona fide dispute inquiry:

> the Court must ensure that the parties are not, via settlement of the plaintiffs' claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime. 29 U.S.C. §§ 206, 207. If no question exists that the plaintiffs are entitled under the statute to the compensation they seek (and therefore to liquidated damages, as well), then any settlement of such claims would allow the employer to negotiate around the statute's mandatory requirements. Without a bona fide dispute, no settlement could be fair and reasonable. Thus some doubt must exist that the plaintiffs would succeed on the merits through litigation of their claims.

*Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714, 719–20 (E.D. La. 2008). Notably, the "mere existence of an adversarial lawsuit" and "[t]he presence of attorneys representing FLSA ... plaintiffs" is insufficient, standing alone, to meet the bona fide dispute requirement. *Id*. at 720.

In the memorandum accompanying their renewed motion, the parties represent there is a bona fide dispute because:

> In this case, the Defendants contend that Plaintiff was an independent contractor. Plaintiff had been issued 1099 forms for five years during his association with Defendants. Moreover, Defendants have likewise asserted that any FLSA

> violations were committed in good faith. Lastly, the documentation produced by the parties differs with respect to the number of hours worked by Plaintiff.

Doc. #29 at 7. The parties further represent that the settlement, which calls for Defendants to pay thirty-seven thousand five hundred dollars ($37,500) in unpaid overtime; thirty-seven thousand five hundred dollars ($37,500) in liquidated damages; and forty-six thousand three hundred fifty-nine dollars ($46,359) in attorneys' fees and expenses, represents a fair and reasonable settlement of the bona fide dispute.

Upon consideration, the Court concludes that this action involves a bona fide dispute over the FLSA's provisions. *See, e.g., Dyson v. Stuart Petro. Testers, Inc.*, No. 1:15-cv-282, 2016 WL 815355, at *2 (W.D. Tex. Feb. 29, 2016) (bona fide dispute where defendants asserted employees were properly classified as independent contractors and that such classification was made in good faith); *Astorga v. Castlewood Consulting, LLC*, No. 14-4006; 2015 WL 4249755, at *2 (D. Md. July 10, 2015) ("If the Court concluded that Astorga was, in fact, an independent contractor, Astorga would not be entitled to any of the relief he seeks. Thus, a bona fide dispute exists regarding liability under the FLSA.").

**B. Fairness and Reasonableness**

In FLSA collective actions, courts in this circuit have generally utilized the fairness factors applied to class actions brought under Rule 23 of the Federal Rules of Civil Procedure. *See Heffernan Bryant*, 2017 WL 639320, at *3 (collecting cases). These factors are "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives and absent class members." *Id.* (quoting *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983)).

This Court has not found a case in the Fifth Circuit addressing the proper evaluation standard where, as here, the dispute involves only a single plaintiff. Courts in other circuits have applied varying approaches. Some courts have applied the class action factors even when a proposed settlement involves only a single plaintiff. *See Duprey v. Scotts Co. LLC.*, 30 F.Supp.3d 404, 409–10 (D. Md. 2014) (applying class action factors where settlement agreement involved only single plaintiff); *Wheeler v. Coastal Delivery, Inc.*, No. 6:15-cv-1017, 2015 WL 7007967, at *1–2 (M.D. Fla. Oct. 20, 2015) (same). Other courts have undertaken far simpler inquiries asking only whether the settlement is reasonable in light of the value of the plaintiff's claims. *See Marfar v. Peretta*, No. 10-cv-7785, 2011 WL 1758625, at *2 (S.D.N.Y. May 6, 2011) ("Given that there is documentary evidence that the plaintiff drove the company bus interstate and he may therefore be an exempt employee under federal overtime laws, the settlement amount to which the parties have agreed is reasonable and fair."); *Morales v. PepsiCo, Inc.*, No. 11-6275, 2012 WL 870752, at *1 (D.N.J. Mar. 14, 2012) ("[T]he Court finds that the settlement reflects good faith negotiations between the parties as to the reasonable valuation of Plaintiff's underlying claims."). Out of an abundance of caution, the Court will apply both standards.

First, as an initial matter, the Court concludes that the settlement appears reasonable in light of the apparent value of Avalos' claim. In applying the Rule 23 factors, the Court finds the settlement is appropriate because: (1) there is no evidence of fraud or collusion; (2) the proposed settlement matches the modest complexity of this FLSA action; (3) given the relatively late stage of proceedings (discovery has closed) and the numerous discovery requests propounded by the parties; (4) the probability of Avalos' success is difficult to ascertain; (5) the settlement seems to fall within the range of possible recovery; and (6) to the extent the parties have filed a joint

motion, it appears all relevant parties have approved the settlement. Accordingly, because this Court concludes that the proposed settlement is fair and reasonable under the Rule 23 factors and the simpler reasonableness inquiry, it need not decide the proper standard for evaluating the settlement here.

### III
### Conclusion

For the reasons above, the proposed settlement represents a fair and reasonable resolution of the underlying dispute. Accordingly, the parties' joint motion [28] is **GRANTED**. The proposed settlement [28-3] is **APPROVED**. This action is **DISMISSED with prejudice**.

**SO ORDERED**, this 3rd day of April, 2017.

**/s/ Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**